## McHugh vs. Timlin.

Chap. 97, General Laws of 1858, (authorizing offer of judgment before trial) applies only to actions upon *contract*.

APPEAL from the Circuit Court for *Sauk* County.

This was an action before a justice of the peace for injury to the plaintiff's crops by the defendant's cattle, and for negligently burning the plaintiff's rails, &c. Answer, a general denial. Judgment before the justice for $100, from which defendant appealed. Before the case was noticed for trial, the defendant served on the plaintiff's attorney an offer in writing to permit the plaintiff to take judgment against him for $20 and costs. The offer was not accepted, and on the trial in the circuit court, the plaintiff had a verdict for one cent in damages. The parties presented their bill of costs to the clerk for taxation, the defendant claiming that he was entitled to costs

accrued after the offer of judgment, and that the plaintiff was not entitled.to costs.   The clerk taxed the costs, amounting to $109.40, in favor of the plaintiff, $93.90 of which accrued after the offer of judgment; and the circuit court affirmed the taxation of the clerk.

*J. Mackey*, for appellant, cited chap. 97, p. 837, R. S. 1858. This chapter was designed to amend chap. 4, title 12 of the Code of 1856.   Title 12 is entitled "Miscellaneous proceedings in civil actions, and general provisions."   Under a like heading all the provisions of title 12 are incorporated in chap. 140, R. S.   Secs. 16 and 17 of said chapter are the same as chap. 4 of title 12 of the code.   All general laws of 1858 are declared to be amendatory of the corresponding provisions of the R. S. 1858.   Chap. 91, sec. 5.   This amendment (chap. 97, Laws of 1858,) is general in its provisions.   Its design is to prevent unnecessary litigation, and enable a defendant to save the costs of the further prosecution of a suit, by conceding to the plaintiff his just rights.

*C. C. Remington*, for respondent.

COLE, J.  We think that chap. 97, Laws of 1858, does not apply to actions for trespass to real.estate.   It provides that the defendant may, at any time before trial or verdict, serve upon the plaintiff an offer in writing to allow judgment to be taken against him for the sum, or property, or to the effect, therein specified, with costs.   If the plaintiff refuse to accept the offer, and fail to obtain a more favorable judgment, he cannot recover costs, but must pay defendant's costs from the time of the offer.   This law was undoubtedly intended as an amendment of the provisions of the code corresponding to sections 16 and 17, chap. 140, R. S.   And upon referring to those provisions it will be seen that they relate expressly to actions arising upon contract.

*By the Court.*—The order of the circuit court is affirmed.

A motion for a rehearing was disposed of as follows:

COLE, J. On the motion for a rehearing it is contended that the construction placed upon chap. 97, Laws of 1858, is erroneous. It is said the provisions of our statute since the passage of chap. 97, Laws of 1858, are the same as chap. 4, title 12 of the N. Y. Code upon the subject of compromise; and as the courts in New York have uniformly held that an offer may be made in any and every action, it must be presumed the legislature had this construction in view when enacting this chapter. It will be found, however, that section 385 of the New York code—corresponding to chap. 97, Laws of 1858—is an independent section, preceding sections 386 and 387 of that code—which latter sections correspond with sections 16 and 17, chap. 140, R. S. Under these circumstances the courts of New York might, perhaps, properly hold that the provision authorized an offer to compromise in every action. But from the title to chap. 97 it will be seen that this act professes to be an amendment to certain sections of our code relating to offers of the defendant to compromise the whole or part of an action. These sections are those corresponding to sections 16 and 17, chap. 140, R. S., relating to actions arising upon contract. The amendment, therefore, is restrained by the subject matter of those sections to which it is amendatory, and cannot be construed as though it were an independent provision. For it is dependent upon the provisions to which it is an amendment, and this circumstance would seem to render the decisions in New York inapplicable.

*By the Court.*—The motion is denied.