JACOBSON, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*September 17—October 7, 1952.*

*Sydney M. Eisenberg* and *R. Bamberger,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Arthur Saltzstein,* assistant city attorney, and oral argument by *Mr. Saltzstein.*

MARTIN, J.   In our opinion, the trial court was correct in concluding that the verdict was not supported by the evidence.

The record is replete with instances showing the uncertainty and confusion in the mind of the plaintiff. Several such instances are referred to in the statement of facts given above.

In the first place, she was not at all certain where it was that she fell. When she related the occurrence to the police officer immediately after the fall, she said that she slipped on the icy sidewalk, and we are inclined to believe, as the trial court did, that the proximate cause of her injuries was the slippery surface of the sidewalk caused by ice and snow. She said that her heel was torn loose in the fall and she believed it had caught in a hole, but her observation of the defect was made after her fall when she was "stunned" and her estimate that the hole was four and one-half inches deep seems to be based more upon what someone else told her than upon her own observation.

On the other hand, there is the testimony of John Wernette who investigated the sidewalk and found that the worst defect measured one and one-half inches deep.

Under these circumstances the testimony of the plaintiff, as well as that of the witness Reed, whose observation of the alleged defects in the sidewalk was also a casual estimate, must yield to that of Wernette which was based on actual measurements.

"This court has often held that the testimony of disinterested and unimpeached witnesses on subjects like measurements and distances, and which is based on memory or casual observation and is at best only an estimate, must yield to that which is based on actual measurement." *Wanta v. Milwaukee E. R. & L. Co.* (1912), 148 Wis. 295, 298, 134 N. W. 133. See also *Serkowski v. Wolf* (1947), 251 Wis. 595, 30 N. W. (2d) 223.

In *McCormick v. Racine* (1938), 227 Wis. 33, 36, 277 N. W. 646, this court reviewed the facts of many cases in

which alleged defects in sidewalks and crosswalks were considered, and concluded that,

". . . the two and three-eighths-inch difference between the adjacent cement squares of the sidewalk in question did not constitute an actionable insufficiency or want of repair within the meaning of sec. 81.15, Stats., as a matter of law, in the absence of other conditions or surrounding·circumstances that would warrant finding that there was such an insufficiency or want of repair; . . ."

Even assuming that the plaintiff's fall was caused by the "worst" defect of one and one-half inches, as found by Wernette, we cannot conclude upon the record before us that such defect was actionable.

We have repeatedly held to the rule that the decision of the trial court on the sufficiency of evidence on a motion to set aside the verdict must prevail unless it clearly appears from the record to have been erroneous. *Slam v. Lake Superior T. & T. R. Co.* (1913), 152 Wis. 426, 140 N. W. 30; *Nitka v. Van Camp* (1949), 256 Wis. 119, 40 N. W. (2d) 570; *Wear v. Northern States Power Co.* (1952), ante, p. 9, 53 N. W. (2d) 777.

The decision of the learned trial court is amply sustained by the record, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.