CAPITOL SAND & GRAVEL COMPANY, INC., a Wisconsin corporation, Respondent, v. WAFFENSCHMIDT, Appellant.

*No. 68 (1974). Submitted on briefs January 7, 1976.—Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 745.)

228

For the appellant there were briefs by *Conway & Conway* of Baraboo.

For the respondent there was a brief by *Hill, Quale & Hartmann* of Baraboo.

ROBERT W. HANSEN, J. The parties to this action have gone to court twice over a single pile of gravel. In the first of the two cases, the landowner established that the gravel company had gone beyond the intent and agreement of the parties in storing gravel from another pit on the landowner's property, and was awarded damages. In this second action, here on appeal, the gravel company was awarded judgment on findings that: (1) The gravel company was entitled to possession of the gravel stockpile; (2) the stockpile was wrongfully detained by the landowner; and (3) the value of the stockpile was $6,800.

*As to entitlement to possession,* the jury verdict, left unchanged by the trial court, answered affirmatively the question of the plaintiff being entitled to possession. The parties had stipulated that, ". . . title to the stockpile of earth material on the Waffenschmidt property is absolutely and wholly in the name of Capitol Sand & Gravel." Defendant did seek to withdraw this stipulation so that he might show that the gravel was intermingled

with earth material from his own property, but the trial court refused permission to withdraw the stipulation. The trial court held the issue to be moot because the landowner's position in the first action estopped him from claiming title or asserting intermingling as to the stockpile. The question of ownership or entitlement to possession was necessarily involved in the landowner's earlier action for damages. The verdict in his favor in the earlier action was, in effect, a finding that the gravel belonged to the gravel company and was wrongfully placed or stored on his property. In an analogous situation, except that a stipulation as to title was there present, our court held a city estopped by a former verdict and judgment to deny in a subsequent action that the plaintiff was the owner in fee of the lots in question.[1] We find no abuse of discretion in the trial court's application of estoppel and denial of defendant's request to withdraw from a stipulation as to facts under the circumstances here present. We find no basis for quarrel with the jury finding that the gravel company was entitled to possession of the gravel stockpile involved in the two actions.

*As to wrongful detention,* the trial court changed the jury answer to find that there had been wrongful or unlawful detention. We agree that the evidence established that the gravel company owned the stockpile, that the pile was located on the defendant's land, and that the defendant would not allow the gravel company to remove the pile. The defendant claims that only a "qualified refusal" was made, a denial only of permission to come onto the property on a gratuitous basis. But, at the trial, the testimony of the defendant himself was that the refusal was absolute. The defendant was asked: "Mr. Waffenschmidt, you have prevented Capitol Sand and Gravel from coming on your property to get that stockpile of material, have you not?" The defendant

[1] *Van Valkenburgh v. Milwaukee* (1878), 43 Wis. 574.

answered: "Yes." Defendant also argues that mere detention does not establish an unlawful taking or conversion. However, even if the taking may have been lawful, or under authority of the plaintiff, the detention may be wrongful.[2] In a replevin action, proof that property was wrongfully detained at the time of the commencement of the action is sufficient to meet the replevin requirement.[3] Even if the original taking was not wrongful, if a defendant detains property when by law the plaintiff is entitled to have it returned to him, such detention becomes wrongful.[4] Under the replevin statute, ". . . Upon the trial the court or jury shall find: . . . whether the defendant *unlawfully took or detained* the same. . . ." (Emphasis supplied.)[5] The trial court was correct in changing the jury answer as to wrongful detention, there being no credible evidence to support the jury finding that the property was not wrongfully detained.

*As to the value of the stockpile,* the trial court changed the jury finding as to value from $3,800 to $6,800. This figure of $6,800 was the estimate testified to by plaintiff's expert witness, president of two concrete companies with experience in working with gravel. (The president of plaintiff company estimated the value of the stockpile at $7,000.) The landowner offered no proof of value, but attacked the estimates of plaintiff's witnesses as to the tonnage or size of the stockpile. The dispute at trial was not as to the value of the gravel but rather as to the quantity or amount of gravel in the pile. The expert witness estimated that the pile contained 8,500 tons of material. On earlier occasions, the president of plaintiff company had described the pile as containing 4,000 tons. It is undisputed that the lower figure of 4,000 tons was based on erroneous figures

[2] *Ronge v. Dawson* (1859), 9 Wis. 222 (*246), 226, 227.

[3] *Oleson v. Merrill* (1866), 20 Wis. 487 (*462), 488, 91 Am. Dec. 428.

[4] *Id.* at pages 488, 489.

[5] Sec. 265.13, Stats.

supplied by subcontractors. It is also undisputed that the company president subsequently measured the stockpile himself and came up with the figure of 8,900 tons. No evidence was presented by the landowner to prove measurements or value.[6] Our court has held that testimony " 'on subjects like measurements and distances' " that is based on memory or casual observation " 'must yield to that which is based on actual measurement.' "[7] Here, while a differing estimate as to quantity was contained in a letter written by plaintiff's attorney, the only testimony of quantity or tonnage based on measurements and presented at the trial was that of the expert witness and the president of plaintiff company. The question presented was not one of opinions as to value, but rather of tonnage testimony based on measurements made as to the dimensions of the stockpile.

*As to opinion evidence as to value,* such evidence is generally not binding on the trier of fact, even when it is not met by opposing proof.[8] The general rule in this

[6] The trial court, in its decision, stated: "Defendants made no attempt to prove measurements or value by their own witnesses, but did attempt to impeach the Plaintiff's evidence on quantity and value by showing that at an earlier date the Plaintiff had taken an inconsistent position in writing and reporting that there was a lesser tonnage in the stockpile. The Plaintiff explained this lesser figure was given based on figures received either from other contractors or from the State which turned out to be erroneous. Since the explanation was not challenged by any other proof, it appears to the Court that we are left with a situation in the proof where there is no dispute as to the measurements or value judgment submitted by Plaintiff's witnesses, and, consequently, the motion of the Plaintiff to change the answer to Question Number 3 and insert $6,800.00 as the lowest sum justified under the undisputed evidence, should be granted."

[7] *Serkowski v. Wolf* (1947), 251 Wis. 595, 601, 30 N. W. 2d 223, quoting *Wanta v. Milwaukee E. R. & L. Co.* (1912), 148 Wis. 295, 298, 134 N. W. 133.

[8] 32 C. J. S., *Evidence,* pp. 592–595, sec. 568(8), states: "The weight or credibility of opinion evidence as to value is for the jury, court, or other triers of the facts to determine, in the light

state, as elsewhere, is that " '. . . the opinion of an expert, even if uncontradicted, is not required to be accepted as such testimony must pass through the screen of the fact trier's judgment of credibility.' "[9] However, as above noted, this court, in *Serkowski,* treats differently " '. . . the testimony of disinterested and unimpeached witnesses on subjects like measurements and distances. . . .' "[10] In this area of measurement testimony, not only must testimony based on memory or casual observation " 'yield to that which is based on actual measurement,' "[11] but, under the *Serkowski* rationale, it is not to be rejected in the absence of opposing proof. Analogous would be the situation of an expert on real estate values testifying both as to the value of a piece of property and as to measurements he actually made of the dimensions of a building on such property. It would be for the trier of fact to determine the weight and credibility to be given to such expert witness' opinion testimony as to the fair market value of the property. However, as to the measurements actually taken as to the length and width of the property, if there is no opposing or differing testimony offered, such testimony is not to be ignored or rejected by the trier of fact. In

---

of their own experience and their knowledge of like matters and subjects, and the knowledge, experience, and capability of the witness to draw a sound conclusion. Such an opinion is not conclusive or binding, and this is true even in a situation in which the opinion is uncontradicted, or is undisputed; it should be weighed by the trier of the facts and judged in view of all the evidence, including, in the case of land, a view, if any was afforded."

[9] *Pautz v. State* (1974), 64 Wis. 2d 469, 476, 219 N. W. 2d 327, quoting *United States v. Pittman* (7th Cir. 1971), 449 Fed. 2d 623, 628.

[10] *Serkowski v. Wolf, supra,* footnote 7, at page 601, quoting *Wanta v. Milwaukee E. R. & L. Co., supra,* footnote 7, at page 298. *See also: Jacobson v. Milwaukee* (1952), 262 Wis. 256, 260, 55 N. W. 2d 1.

[11] *Id.* at page 601.

the case before us, the trial court held that the measurements testimony was given by a disinterested and unimpeached expert witness, and found such testimony to establish the tonnage or dimensions of the stockpile. On appeal defendant has only contested the testimony as to tonnage and dimensions of the stockpile. On this record and under these circumstances, we agree with the trial court findings and agree that the trial court was warranted in changing the jury answer to Question 3 from $3,800 to $6,800.

*As to standard of review,* we have used the "any credible evidence which would support the jury's answer" test in reviewing the trial court's changing of answers in the jury verdict.[12] The gravel company plaintiff argues that, since both parties moved for summary judgment, the trial court's decision should be affirmed unless it is against the great weight and clear preponderance of the evidence. With the trial court's action upheld under the more stringent test, the point raised would here make no difference. The challenge actually is to the submission of the case to a jury following motions for directed verdict. Our court has held that a plaintiff's motion for summary judgment, coupled with the defendant's motion, constitutes a waiver of such plaintiff's previous request for a jury trial.[13] But this was held in a situation where both parties moved for summary judgment and defendant's motion was granted. In the case before us, both motions for summary judgment were denied by the trial court and were denied on the ground that unre-

[12] *Lipinski v. Pakulski* (1974), 62 Wis. 2d 628, 635, 215 N. W. 2d 468, this court holding: "The proper test to be applied in determining whether the jury's answer should be changed is whether there is any credible evidence which supported the answer."

[13] *Powalka v. State Mut. Life Assurance Co.* (1972), 53 Wis. 2d 513, 519, 192 N. W. 2d 852, this court holding: "Accordingly, the plaintiff's motion for summary judgment, coupled with defendant's motion, constituted a waiver of her previous request for a jury trial."

solved issues of fact remained to be determined. With both motions thus denied on such ground, even if bilateral motions are considered to be the equivalent of a stipulation of the parties as to facts, the trial court was not required to decide as a matter of law the case in which it found unresolved issues of fact left to be determined at a full trial.[14] With both motions thus denied on the ground of unresolved issues left to be considered, we find no waiver of defendant's right to have such issues of fact presented to a jury. We find no trial court error in having submitted this case to a jury, and repeat that the proper standard of review on this appeal is whether there was any 'credible evidence to support the jury's findings as to the two questions to which the trial court changed the jury's answers.

*By the Court.*—Judgment affirmed.

[14] *McConnell v. L. C. L. Transit Co.* (1969), 42 Wis. 2d 429, 435, 436, 167 N. W. 2d 226, citing with approval *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626, and noting it to be a case where "this court approved the trial court's failure to decide a clear legal question because this court, at page 631, was:

"'. . . not convinced the affidavits set forth all the relevant facts which should be considered.'"