BRENNAN, J.
*744 ¶ 1 Plaintiffs Richard A. Mueller and Joseph L. Ford, III, appeal an order granting TL90108, LLC's (TL) motion to dismiss their complaint, filed in 2017, seeking replevin and declaratory judgment. Plaintiffs sought to recover possession of a 1938 Talbot Lago, a vintage car worth more than seven million dollars. The car and related documents including the title had been reported stolen on March 4, 2001, when the owner discovered that they were missing from his Milwaukee garage. Milwaukee police investigated and discovered fraudulent documents that had been used to ship the car to Europe. Fifteen years later, TL applied for title to the car in Illinois after purchasing the car through international auto brokers, and the application triggered a hit in the stolen car database. Before plaintiffs filed this action, they had made an unsuccessful demand on TL for the return of the vehicle.
*745 ¶ 2 The trial court held that under WIS. STAT. § 893.35 (2015-16),[1] which states that the cause of action accrues "at the time the wrongful taking or conversion occurs, or the wrongful detention begins[,]" the cause of action accrued when the car was converted by the unknown thief in 2001, and the six-year time limitation began to run "at the time of the wrongful taking or conversion, which was when the car was stolen." The trial court held that because this action was not commenced within that time limit, it is barred under § 893.35.
¶ 3 We hold that this cause of action accrued at the time of the wrongful detention , not wrongful taking or conversion, when TL declined to return the car when plaintiffs demanded it. Because the action was commenced within six years of the time the cause of action accrued, it is not time-barred. We therefore reverse and remand for further proceedings consistent with our decision. Because we decide this case on statutory grounds, we do not address the parties' alternative arguments on equitable estoppel and public policy concerns.
BACKGROUND
¶ 4 The complaint alleges the following facts, which we accept as true for purposes of reviewing the grant of the motion to dismiss. Kaloti Enters. , Inc. v. Kellogg Sales Co. , 2005 WI 111, ¶ 11, 283 Wis.2d 555, 699 N.W.2d 205.
*554 ¶ 5 On the morning of March 4, 2001, Roy Leiske arrived at his place of business in Milwaukee and discovered that his office had been ransacked and that the custom-built antique Talbot Lago two-door *746 coupe he was restoring in the warehouse was gone, along with documents related to the car. Leiske had purchased the car, unrestored and disassembled, more than thirty years earlier in 1967. He had received the car's certificate of title on July 3, 1968, from the Wisconsin Department of Motor Vehicles.
¶ 6 Leiske reported the theft to the Milwaukee Police Department (MPD). MPD detectives learned that witnesses had seen two men loading a truck at the warehouse early on the day of the theft. MPD detectives also found fraudulent and forged documents that were created in order to ship the car to Europe after the theft.
¶ 7 Mueller inherited the car from Leiske, who died in 2005.[2]
¶ 8 In 2016, TL sought to title the car in Illinois after purchasing it through international brokers. Plaintiffs were informed by MPD that Illinois authorities had placed a hold on the title pending a court order. MPD also learned that the car is presently at a restoration business located in Essex, Massachusetts. TL and the Massachusetts business reached an agreement with MPD for the car to remain stored there.
¶ 9 Plaintiffs demanded that TL return the car. When TL did not return it, plaintiffs filed this action. The trial court granted TL's motion to dismiss. This appeal follows.
STANDARD OF REVIEW
¶ 10 This case comes to us on a motion to dismiss a complaint. "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint."
*747 John Doe 1 v. Archdiocese of Milwaukee , 2007 WI 95, ¶ 12, 303 Wis.2d 34, 734 N.W.2d 827 (citation omitted). Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom. Kaloti Enters. , Inc. , 283 Wis.2d 555, ¶ 11, 699 N.W.2d 205.
¶ 11 The outcome turns on the interpretation of WIS. STAT. § 893.35. Statutory interpretation presents a question of law we review independently. Roberts v. T.H.E. Ins. Co. , 2016 WI 20, ¶ 19, 367 Wis.2d 386, 879 N.W.2d 492. "[S]tatutory interpretation begins with the language of the statute." State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶ 45, 271 Wis.2d 633, 681 N.W.2d 110 (citation and quotation marks omitted). "If the meaning of the statute is plain, we ordinarily stop the inquiry." Id. (citation and quotation marks omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. "Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." Id. , ¶ 46. "If this process of analysis yields a plain, clear statutory meaning, then ... the statute is applied according to this ascertainment of its meaning." Id.
DISCUSSION
I. The relevant statutes are statutes of repose, and the discovery rule therefore does not apply.
¶ 12 We start out by noting a point on which the parties agree: that the relevant statutes are statutes of repose and therefore the point at which an action *748 accrues under WIS. STAT. §§ 893.35 or *555 893.51 is not "delayed until the person bringing the action learns of the wrongful taking or detention." See Judicial Council Committee's Note 1979, Sec. 893.35.
¶ 13 This case turns on the interpretation of statutory language about the point at which a cause of action for a wrongful detention accrues. Two statutes contain relevant language. First, WIS. STAT. § 893.35, concerning an action to recover personal property , sets a six-year limit on such actions and defines when the cause of action accrues. It states:
An action to recover personal property shall be commenced within 6 years after the cause of action *749 accrues or be barred. The cause of action accrues at the time the wrongful taking or conversion occurs, or the wrongful detention begins .
(Emphasis added.)
¶ 14 The Judicial Council Committee's Note attached to this statute notes that the statute is "without change in substance" from a prior version but that it has "some expansion of language to make clear that accrual of the cause of action is not delayed until the person bringing the action learns of the wrongful taking or detention." See Judicial Council Committee's Note 1979, WIS. STAT. § 893.35.
¶ 15 WISCONSIN STAT. § 893.51, which concerns "[a]n action to recover damages for the wrongful ... detention of personal property[,]" contains identical language:
[A]n action to recover damages for the wrongful taking, conversion or detention of personal property shall be commenced within 6 years after the cause of action accrues or be barred. The cause of action accrues at the time the wrongful taking or conversion occurs, or the wrongful detention begins.
(Emphasis added.)
¶ 16 Our supreme court has stated that "the decision to close the courthouse doors on litigants with stale claims is a pure question of policy that is better left to the legislative branch[.]" Castellani v. Bailey , 218 Wis.2d 245, 254, 578 N.W.2d 166 (1998). In construing a statute that provided that a cause of action must be commenced within a specified time after the defendant's action which allegedly led to injury, the court held that "the plain language of [the statute] is sufficient to support our conclusion." Id. at 252, 255, 578 N.W.2d 166. It nevertheless additionally cited the Judicial Council Committee's Note appended to that statute and noted that it "clearly reveals the legislature's consideration, and rejection, of discovery principles." Id. at 256, 578 N.W.2d 166.
¶ 17 Castellani made clear there is no application of the discovery rule where the legislature has expressly stated when the cause of action accrues. Id. at 254, 578 N.W.2d 166 (stating that "the legislature has already determined when the claim 'accrues' "). We therefore turn to the question of when the cause of action accrued.
II. Under the plain language of the statute, the cause of action for wrongful detention accrued at the time the alleged wrongful detention began.
¶ 18 The crux of the disagreement between the parties and the sole issue in this case is when the cause of action accrued. The answer to that question will determine whether the complaint is dismissed as time-barred.
*750 ¶ 19 The complaint alleged that the car was stolen by an unknown person in 2001 and that TL purchased the car in 2015. The complaint was filed February 2, 2017. The complaint alleged that the plaintiffs demanded that TL return the car, TL did not, and that TL had wrongfully detained it. Because we are reviewing a motion to *556 dismiss, we accept as true the allegations in the complaint.[3]
¶ 20 Plaintiffs argue that the statute of repose started to run at the time TL refused to return the car. They rely on Voight v. Aetna Casualty and Surety Co. , 80 Wis.2d 376, 382-83, 259 N.W.2d 85 (1977), which addressed what constitutes a "cause of action." It held that a cause of action arises from "the defendant's wrongful act." Id. Plaintiffs allege that the defendant's wrongful act in this case was TL's "act of wrongful detention." They argue that "nothing in the language of [the two statutes] limit[s] the application of separate time limits to successive wrongful acts or group[s] separate wrongful acts into a single cause of action." Plaintiffs argue that the action for wrongful detention was commenced well within six years of the defendant's wrongful act and is not time-barred.
¶ 21 Defendant argues that the statute of repose began to run at the time of the 2001 conversion and that this action is therefore time-barred by the statute. Defendant's argument is that " 'wrongful detention' refers to the situation of an initial authorized possession that becomes unlawful when it exceeds the owner's permission." Because the factual allegations in this case do not involve an initial authorized possession that became unlawful because it exceeded the *751 owner's permission, the defendant argues, this can only be an action for conversion and cannot be one for wrongful detention. Defendant argues that the car "was converted, not wrongfully detained" and that therefore, "[t]he clock has run."
¶ 22 We start with the words of the statute. See Kalal , 271 Wis.2d 633, ¶ 45, 681 N.W.2d 110. We must interpret WIS. STAT. §§ 893.35 and 893.51 to give effect "to every word" and "avoid surplusage." See Kalal , 271 Wis.2d 633, ¶ 46, 681 N.W.2d 110. "As a basic rule of statutory construction, we endeavor to give each statutory word independent meaning so that no word is redundant or superfluous." Pawlowski v. American Family Mut. Ins. Co. , 2009 WI 105, ¶ 22, 322 Wis.2d 21, 777 N.W.2d 67. "When the legislature chooses to use two different words, we generally consider each separately and presume that different words have different meanings." Id. "The use of different words joined by the disjunctive connector 'or' normally broadens the coverage of the statute to reach distinct, although potentially overlapping sets." Id.
¶ 23 Both statutes include time limitations for "wrongful taking, conversion or detention of personal property[.]" See WIS. STAT. §§ 893.35, 893.51 (emphasis added). Both statutes also include the following language: "The cause of action accrues at the time the wrongful taking or conversion occurs, or the wrongful detention begins." See id. (emphasis added).
¶ 24 To give independent meaning to each word, we must interpret the statute in a way that recognizes that a wrongful detention is a separate action from a wrongful taking or conversion. Thus, even though all conversions, as a practical matter, involve detentions, a wrongful detention does not necessarily involve conversion.
*752 To give independent meaning to each word, our interpretation must also recognize that there is a point where the wrongful detention "begins" and that the beginning point of a wrongful detention can be different from the time when "the wrongful taking or conversion occurs[.]" Any interpretation *557 that treats a wrongful detention as an extension of or the functional equivalent of a conversion would violate the statutory construction rule avoiding redundant or superfluous words.
¶ 25 So we next turn to the question of what the legislature intended "wrongful detention" to mean. We rely on the "common, ordinary, and accepted meaning" of the words "wrongful" and "detention." See Kalal , 271 Wis.2d 633, ¶ 45, 681 N.W.2d 110. We thus conclude that a "wrongful detention" means an act of unjust or unlawful retaining or withholding. See American Heritage Dictionary , 2062, 509, 508 (3d ed. 1992) (providing definitions for "wrongful," "detention" and "detain"). There is nothing in the word "detention" itself that would preclude using it to describe the facts here. On its face it would apply to any unjust or unlawful retaining or withholding of property.
¶ 26 TL defines "wrongful detention" more specifically to exclude the situation here. TL states without specific citation to legal authority that wrongful detention is "when the party entitled to possession permits another to lawfully possess the property for a time, but the latter refuses to surrender it when requested." In support of this proposition, TL points to cases where the wrongful detention did arise from those circumstances, such as where items dropped off for repairs were then not returned to their rightful owners. See, e.g ., *753 Durham v. Pekrul , 104 Wis.2d 339, 342-45, 311 N.W.2d 615 (1981) (action for replevin and damages based on defendant's refusal to return two antique dolls that owner had brought to defendant's doll hospital for repair). See also Capitol Sand & Gravel Co. v. Waffenschmidt , 71 Wis.2d 227, 229, 237 N.W.2d 745 (1976) (action for replevin and damages based on defendant's refusal to allow owner to retrieve gravel after defendant initially permitted owner to store it on his land).
¶ 27 We find no language in these cases that precludes the application of "wrongful detention" to a factual situation where wrongful detention is alleged to have begun after a conversion by another party. Absent any indication to the contrary in these opinions, the fact that Capitol Sand and Durham applied the statute to a particular set of facts (namely, wrongful detentions that were not preceded by conversions) does not of course mean that the statute cannot be applied to a different set of facts (namely, a wrongful detention that followed a conversion by a different party).
¶ 28 Capitol Sand addressed an alleged wrongful detention of personal property that had not been converted, but the case gives no indication that its interpretation of the replevin statute was limited to that fact pattern. Further, in that case, our supreme court made the following helpful statement about the showing needed[4] for a replevin action:
In a replevin action, proof that property was wrongfully detained at the time of the commencement of the *754 action is sufficient to meet the replevin requirement. Even if the original taking was not wrongful, if a defendant detains property when by law the plaintiff is entitled to have it returned to him , such detention becomes wrongful.
Id. , 71 Wis. 2d at 232, 237 N.W.2d 745 (emphasis added, footnotes omitted).
*558 ¶ 29 Based on the plain language of the statute, we conclude that the statute creates a cause of action for wrongful detention separate from the cause of action for conversion, that the time the cause of action accrues is based on the alleged wrongful act by the defendant, and that the same property can be converted by one party and wrongfully detained by another. As the parties and the trial court acknowledged, no existing case addresses a fact pattern like this one. However, neither the statute nor existing case law defines wrongful detention in the manner TL does. No case applying the statute precludes the application of the common ordinary meaning of the words of the statute to this factual situation. In this case, the alleged wrongful detention began when TL allegedly wrongfully detained the car after plaintiffs' demand for return of the car.
¶ 30 We decide this case on the grounds that the claim accrued at the time of the defendant's alleged wrongful detention and this action was commenced within the six-year limitation. Our interpretation of the plain language of the statute, supported by the *755 legislative intent supplied by the Judicial Council Committee's Note 1979, WIS. STAT. § 893.35, is dispositive of the issue, so we need not reach the parties' remaining arguments. See Gross v. Hoffman , 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed). Because the plain language of the statute states that the claim accrues at the time "the wrongful detention begins," and because the alleged wrongful detention in this case began not more than six years before this action was commenced, the action is not barred by § 893.35. Therefore, we reverse the order dismissing the complaint and remand for further proceedings consistent with our opinion, including a ruling on plaintiffs' claim for declaratory judgment.[5]
By the Court. -Order reversed and cause remanded.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Mueller subsequently sold part of his interest in the car to Ford.

There is no allegation in the complaint, or argument from either party, that TL was involved in the theft. We review only the allegations in the complaint to determine its sufficiency.

We note that this language directly refutes defendant's assertion that plaintiffs' wrongful detention claim is also required to allege "that [TL] lawfully acquired the vehicle." Capitol Sand makes clear that all that is needed for such a claim is that the property "was wrongfully detained at the time of the commencement of the action[.]" Capitol Sand & Gravel Co. v. Waffenschmidt , 71 Wis.2d 227, 232, 237 N.W.2d 745 (1976).

Although the transcript is ambiguous, to the extent that the trial court stated that the declaratory judgment action was not independent of the replevin action, it is incorrect. Replevin relates to possession ; the declaratory judgment was sought as to ownership . See Wis. Stat. § 810.02. See also Ford Motor Co. v. Lyons , 137 Wis.2d 397, 468, 405 N.W.2d 354 (Ct. App. 1987) ("Replevin is a possessory action."). We further note that the complaint alleged that "[t]he MPD has advised plaintiffs that there is a hold on issuance of any title to the stolen Vehicle until it receives an order from the Court ." (Emphasis added.)