PER CURIAM.
¶1 Mark R. Juul appeals from a circuit court order modifying his maintenance obligation to his former spouse, Marla K. Zeman. We conclude that the circuit court properly exercised its discretion and affirm.
¶2 At the time of the parties' 2009 divorce, the marital estate was evenly divided, and Juul was ordered to pay Zeman $500 per month as maintenance. The parties each reserved the right to seek a modification of maintenance if Juul discontinued his employment as a firefighter. In November 2015, after a change in Zeman's financial circumstances arising from the loss of her long-time Fischer Hamilton employment, the parties stipulated that Juul would pay Zeman $1200 per month as maintenance.
¶3 In anticipation of Juul's May 2016 retirement from firefighting, the parties filed maintenance modification motions. Juul sought either reduction or termination of his maintenance obligation in light of his retirement. The circuit court commissioner decided the parties' maintenance modification motions.[1] After addressing Zeman's need for support, Juul's ability to pay, and the support and fairness objectives of maintenance, the commissioner reduced Juul's $1200 monthly maintenance obligation to $1000 per month and ordered Juul to pay such maintenance until the month after Zeman reaches age sixty-two and is able to draw upon her retirement account. On de novo review of the record created before the commissioner and after considering updated financial information, the circuit court accepted the commissioner's findings regarding the parties' work, earnings and maintenance histories. The court agreed with the commissioner's decision to require $1000 per month maintenance for a defined period.
¶4 On appeal, Juul challenges the allegedly unfair amount of maintenance awarded to Zeman, the circuit court's determination of Zeman's earning capacity, and its imputation to him of $1100 in monthly income (minimum wage for a thirty-five-hour work week) without an associated determination that he was shirking.[2]
¶5 The parties do not dispute that a substantial change in circumstances occurred when Juul retired. Once a circuit court finds a substantial change in the parties' financial circumstances, the decision to modify the amount or duration of maintenance is within the court's discretion. Rohde-Giovanni v. Baumgart , 2004 WI 27, ¶17, 269 Wis. 2d 598, 676 N.W.2d 452. We will not reverse a discretionary determination if the record shows a reasonable basis for the court's decision. See Prahl v. Brosamle , 142 Wis. 2d 658, 667, 420 N.W.2d 372 (Ct. App. 1987). We will uphold the circuit court's findings of fact unless they are clearly erroneous. Klinefelter v. Dutch , 161 Wis. 2d 28, 33, 467 N.W.2d 192 (Ct. App. 1991).
¶6 In imposing $1000 per month maintenance, the circuit court properly considered the WIS. STAT. § 767.56 (2015-16)[3] maintenance factors. See Kenyon v. Kenyon , 2004 WI 147, ¶13, 277 Wis. 2d 47, 690 N.W.2d 251. The § 767.56 factors are designed to further two maintenance goals: (1) "support the recipient spouse in accordance with the needs and earning capacities of both the recipient spouse and the payor spouse"; and (2) create "a fair and equitable financial arrangement between the parties." Rohde-Giovanni , 269 Wis. 2d 598, ¶29.
¶7 Relying heavily upon the vocational assessment that Zeman could earn $35,000 to $40,000 per year in light of the skills she developed at Fischer Hamilton, Juul challenges the circuit court's determination of Zeman's earning capacity. At the time of the maintenance modification proceeding, Zeman was earning $26,520 per year as a full-time office clerk, roughly one-half of her earnings at the time of the divorce and until her job at Fischer Hamilton ended because the plant closed. The weight of the evidence was for the circuit court to determine. See State v. Peppertree Resort Villas, Inc. , 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345. The circuit court was not bound by the vocational assessment. See Capitol Sand & Gravel Co. v. Waffenschmidt , 71 Wis. 2d 227, 233-34, 237 N.W.2d 745 (1976) (even uncontradicted expert opinion is not binding on the trier of fact). The court was free to place greater weight on Zeman's actual employment and earnings history rather than on the vocational assessment's determination that she could earn more. To Juul's argument that Zeman was "significantly underemployed" because she was only earning $26,520 annually, the circuit court said the following:
That there may be higher paying jobs in the general economy that fit the skill set [Zeman] developed at Fischer Hamilton, in no way suggests that her quest for employment was any kind of half-hearted exercise designed to improve her posture for a maintenance award. In fact, her testimony showed that many of the skills she acquired during her long tenure at Fischer Hamilton are used in her current position at Riverside Foods. This court finds entirely appropriate the commissioner's finding that [Zeman] is currently working to the best of her ability and that her annual earnings of $26,520 are reflective of her current earning capacity in the Manitowoc County job market.[4]
¶8 The record supports the circuit court's finding that Zeman was working to her earning capacity under the circumstances and in the job market in which she found herself.
¶9 Turning to the WIS. STAT. § 767.56 maintenance factors and the support and fairness objectives of maintenance, the court made the following findings. Juul and Zeman had a twenty-eight-year marriage. Juul had the opportunity to retire at age fifty-five; Zeman did not have that opportunity. Zeman lived frugally at a lower standard of living, and she did not cause her "precipitate drop in income." Juul enjoyed significantly better financial circumstances and his monthly living expenses were roughly triple Zeman's monthly living expenses. The court found that Juul had the ability to pay maintenance to Zeman in an amount that would permit her to have a reasonable standard of living. On the question of whether Juul, now a retiree, should have attributed to him a minimum wage income for a thirty-five-hour work week ($1100 per month), the court found that such attribution was "fair and reasonable under the circumstances because it recognizes [Juul's] voluntary decision to remove himself from the labor market despite having a current earning capacity."[5] Applying the principle that maintenance should be set at a level that allows a party to live at or close to the predivorce standard of living, Kenyon , 277 Wis. 2d 47, ¶28, the court found that Zeman required maintenance and Juul had the ability to pay $1000 in maintenance "without suffering any constriction to his lifestyle."[6] The maintenance award was a proper exercise of discretion and provides a financial bridge for Zeman until she gains access to her retirement account.
¶10 Juul argues that the circuit court erroneously imputed monthly income to him without first determining that he was "shirking." A "shirking" determination may result when a party voluntarily earns less than that party reasonably could earn under the circumstances. Scheuer v. Scheuer , 2006 WI App 38, ¶11, 290 Wis. 2d 250, 711 N.W.2d 698. We review the record to determine whether it supports the circuit court's view that while it was reasonable for Juul to retire from firefighting at age fifty-five, it was not reasonable for him to leave the workforce entirely when he was subject to a maintenance obligation and failed to demonstrate that he could not earn income from employment other than as a firefighter. On this record, attributing the minimum amount of annual income to Juul was not a misuse of discretion.
¶11 After considering all of the arguments in the parties' briefs, we affirm the circuit court's discretionary decision to award Zeman $1000 per month in maintenance until the month after she reaches age sixty-two and gains access to her retirement account.
¶12 Zeman moves the court to deem Juul's appeal frivolous and award her attorney's fees and costs under WIS. STAT. RULE 809.25(3). We are not persuaded that the appeal was frivolous. The motion is denied.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The court commissioner noted that there was nothing in the November 2015 stipulation to indicate the financial facts the parties considered when they stipulated to an increase in maintenance from $500 to $1200 per month.

A "shirking" determination may result when a party voluntarily earns less than that party reasonably could earn under the circumstances. Scheuer v. Scheuer , 2006 WI App 38, ¶11, 290 Wis. 2d 250, 711 N.W.2d 698.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The circuit court deemed reasonable Zeman's reluctance to seek employment in neighboring counties to avoid additional travel expenses, night-time driving and interference with her family interactions.

While Juul's appellate brief discusses at length his reasons for retiring from firefighting, the circuit court did not determine that Juul should not have retired. Rather, the circuit court determined that Juul was still capable of being employed in some other capacity.

The circuit court attributed $1100 in monthly income to Juul and ordered him to pay $1000 in monthly maintenance to Zeman. How Juul satisfies his maintenance obligation is up to him.