# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1962 |

| | |
|---|---|
| COMPLETE TITLE: | Richard A. Mueller,<br>　　　　　Plaintiff-Appellant,<br>Joseph L. Ford, III,<br>　　　　　Plaintiff-Co-Appellant,<br>　　v.<br>TL90108, LLC,<br>　　　　　Defendant-Respondent-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 383 Wis. 2d 740,917 N.W.2d 551
PDC No:2018 WI App 52 - Published

| | |
|---|---|
| OPINION FILED: | February 4, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | November 4, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Rebecca F. Dallet |

| | |
|---|---|
| JUSTICES: | |

HAGEDORN, J., delivered the majority opinion of the Court, in which ROGGENSACK, C.J., ANN WALSH BRADLEY, ZIEGLER, REBECCA GRASSL BRADLEY, and KELLY, JJ., joined.

NOT PARTICIPATING:
DALLET, J.

ATTORNEYS:

For the defendant-respondent-petitioner, there were briefs filed by *Stephen E. Kravit, Brian T. Fahl,* and *Kravit, Hovel & Krawczyk S.C.,* Milwaukee; joined by *Lawrence H. Heftman, Robert Middleton,* and *Schiff Hardin LLP,* Chicago, Illinois. There was an oral argument by *Lawrence H. Heftman.*

For the plaintiff-appellant, there was a brief filed by *Matthew V. Fisher, Brian C. Tokarz,* and *Meissner Tierney Fisher &*

*Nischols S.C.*, Milwaukee. There was an oral argument by *Matthew V. Fisher*.

For the plaintiff-co-appellant, there was a brief filed by *Joseph L. Ford,* Boca Raton, Florida. There was an oral argument by *Joseph L. Ford*.

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2017AP1962
 (L.C. No. 2017CV867)

STATE OF WISCONSIN : IN SUPREME COURT

**Richard A. Mueller,**

       **Plaintiff-Appellant,**

**Joseph L. Ford, III,**

       **Plaintiff-Co-Appellant,**

    **v.**

**TL90108, LLC,**

       **Defendant-Respondent-Petitioner.**

**FILED**

**FEB 4, 2020**

Sheila T. Reiff
Clerk of Supreme Court

HAGEDORN, J., delivered the majority opinion of the Court, in which ROGGENSACK, C.J., ANN WALSH BRADLEY, ZIEGLER, REBECCA GRASSL BRADLEY, and KELLY, JJ., joined.

DALLET, J., did not participate.

REVIEW of a decision of the Court of Appeals. *Modified, and as modified, affirmed and cause remanded.*

¶1 BRIAN HAGEDORN, J. A late 1930s Talbot Lago is considered by some one of the most beautiful and innovative cars

in the world. This collector's gem sang such a siren song that it became the subject of an international smuggling effort at the heart of today's case. The Talbot Lago here——a 1938 model—— mysteriously disappeared from a Milwaukee business in 2001. It reappeared in 2015 after being purchased in Europe by TL90108, LLC (TL). When TL tried to obtain title in Illinois, it triggered a hit on a stolen vehicle report.

¶2 After hearing that the prized vehicle had turned up, Plaintiffs Richard Mueller and Joseph Ford III demanded its return from TL, claiming to be the rightful owners. When TL did not oblige, Mueller and Ford brought an action for replevin[1] seeking possession of the vehicle and damages. The circuit court, however, granted TL's motion to dismiss the complaint on the grounds that the claim was barred by the applicable six-year statutes of repose. Wis. Stat. §§ 893.35, 893.51(1) (2017-18).[2] The court of appeals reversed, holding that when Mueller and Ford demanded TL return the vehicle, this triggered a wrongful detention claim and restarted the six-year repose clock.

¶3 The core issue we address today is whether the six-year statutes of repose bar Mueller and Ford's action for replevin. More specifically, we address whether a wrongful detention claim may exist for previously converted property, and if so, when a replevin cause of action based on a subsequent wrongful detention

---

[1] An additional claim was raised that we are not addressing, as explained further below.

[2] All subsequent references to the Wisconsin Statutes are to the 2017-18 version.

accrues. We conclude that under the plain language of the statutes of repose and our cases, the true owner can maintain a replevin action for wrongful detention against a subsequent purchaser of converted property. We hold that under Wis. Stat. §§ 893.35 and 893.51(1), a cause of action for replevin based on wrongful detention under facts like those alleged here accrues when the subsequent purchaser obtains the property; no demand is necessary.

¶4    Thus, for purposes of the motion to dismiss, the replevin action based on TL's alleged wrongful detention of the vehicle accrued when TL obtained (and thereby wrongfully detained) the vehicle. TL purchased the prized vehicle sometime in 2015. Hence, Mueller and Ford's cause of action for replevin is not barred by the relevant statutes of repose.

I.  BACKGROUND

¶5    On the morning of March 4, 2001, Roy Leiske arrived at his place of business and found the front door curiously unlocked.[3] When he entered, he discovered that his mid-restoration 1938 Talbot Lago, then worth an estimated one million dollars, was gone. Leiske reported this to the Milwaukee Police Department, which entered a stolen vehicle report into a national database.

---

[3] The facts in this section are taken from the complaint. When reviewing a motion to dismiss, "all facts alleged in the complaint, as well as all reasonable inferences from those facts, are accepted as true." Kaloti Enter., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205 (citing Ollerman v. O'Rourke Co., 94 Wis. 2d 17, 24, 288 N.W.2d 95 (1980)).

¶6    In 2005, Leiske died and bequeathed the vehicle to Mueller.  Mueller later sold a percentage of ownership in the missing vehicle to Ford.  Both attempted—without success—to locate the vehicle.

¶7    At around the same time, in either 2005 or 2006, the vehicle was transported from the United States to Europe.  In 2015, TL purchased the vehicle through an international automobile broker.  TL then arranged for the vehicle to be transported to the United States, and applied for title in Illinois in 2016.  The application, however, triggered a hit on the 2001 stolen vehicle report.  The Milwaukee Police Department confirmed to Illinois officials the vehicle had been reported stolen, and Illinois did not issue title to TL.

¶8    Upon learning of the vehicle's reappearance, Mueller and Ford sent TL a demand to return the vehicle.  When TL refused the demand, Mueller and Ford filed a two-count complaint, bringing both a replevin action to obtain possession of the vehicle and recover damages, and a declaratory judgment as to their ownership and possession of the vehicle.  TL moved to dismiss Mueller and Ford's claims, arguing they were timed-barred by the applicable statutes of repose, Wis. Stat. §§ 893.35 and 893.51(1).

¶9    After entertaining multiple briefs and hearings, the circuit court granted TL's motion to dismiss on the grounds that the replevin cause of action accrued in 2001 when the vehicle was stolen; the clock did not restart when the property changed hands; and therefore, the replevin action was barred by the six-year statutes of repose in Wis. Stat. §§ 893.35 and 893.51(1).  It also

4

dismissed the declaratory judgment action, reasoning that a cause of action for ownership cannot exist apart from replevin.[4]

¶10 The court of appeals reversed. It concluded that the statutes of repose recognize separate claims for conversion and wrongful detention. The court of appeals reasoned that while a conversion claim accrued in 2001 when the vehicle was allegedly stolen, a separate wrongful detention claim accrued when TL refused Mueller and Ford's demand to return the vehicle. Mueller v. TL90108, LLC, 2018 WI App 52, ¶29, 383 Wis. 2d 740, 917 N.W.2d 551. The court of appeals also remanded the cause for a ruling on Mueller and Ford's declaratory judgment action, stating that an action for a declaration of ownership differs from a replevin action for possession. Id., ¶30 & n.5. We granted TL's petition for review.

## II. DISCUSSION

¶11 The issue before us is whether the replevin action is barred by the six-year statutes of repose provided in Wis. Stat. §§ 893.35 and 893.51(1).[5] As this presents a question of law

---

[4] The circuit court provided Mueller and Ford time to amend their complaint; however, no amended complaint was filed. The court entered a final order dismissing the complaint with prejudice.

[5] Because we affirm the court of appeals' determination that Mueller and Ford's replevin action is not barred by the statutes of repose, we need not address Mueller's alternative argument that "the doctrine of equitable estoppel by fraudulent concealment prevents TL from asserting a repose defense."

5

arising from a motion to dismiss based on a question of statutory interpretation, our review is de novo.  Doe 56 v. Mayo Clinic Health Sys.——Eau Claire Clinic, Inc., 2016 WI 48, ¶14, 369 Wis. 2d 351, 880 N.W.2d 681 (motion to dismiss reviewed de novo); State v. Pinder, 2018 WI 106, ¶23, 384 Wis. 2d 416, 919 N.W.2d 568 (statutory interpretation reviewed de novo).

### A.  Replevin and Repose

¶12  Replevin is an action for possession where the factual question that must be resolved is "which party is entitled to possession of the disputed property."  Ford Motor Co. v. Lyons, 137 Wis. 2d 397, 468, 405 N.W.2d 354 (Ct. App. 1987).  To succeed on a replevin claim, the court or jury must find:

> (a) Whether the plaintiff is entitled to possession of the property involved.

---

Ford separately argued that "wrongful taking" in Wis. Stat. § 893.35 does not include theft; that a plaintiff must know who took the property before the repose period provided in § 893.35 goes into effect; and that § 893.35, if it includes theft, must toll the limitation period as it is tolled in criminal theft proceedings.  While we need not and therefore do not address Ford's first and third arguments, we reject Ford's second argument as explained below.

Additionally, TL asks us to affirm the dismissal of the declaratory judgment action, in which Mueller and Ford seek a declaration that they "are the full and absolute owners of the Vehicle and entitled to its possession."  TL's arguments in support of dismissing this claim rely principally on the premise that the statutes of repose bar Mueller and Ford's replevin action——a conclusion we reject, as explained below——and that a declaratory judgment cannot provide an additional pathway to relief.  At this stage, breathing new life into Mueller and Ford's replevin action, we remand the claim for declaratory relief as well and express no opinion on its viability apart from replevin.

(b) Whether the defendant unlawfully took or detained the property involved.

(c) The value of the property involved.

(d) The damages sustained by the successful party from any unlawful taking or unjust detention of the property to the time of the trial.

Wis. Stat. § 810.13(1).   This statutory provision tracks the requirements for replevin at common law.  See Eldred v. Oconto Co., 33 Wis. 133, 136 (1873) ("The verdict is as follows:  'The jury severally on their oaths do say, that they find for the plaintiff, that he is the owner and lawfully entitled to the possession of the property described in the complaint, that the value thereof is $3,195.20, and that the plaintiff's damages for the unlawful detention thereof is $301.31.'").  A party bringing an action for replevin, then, may recover not only possession of personal property, but also damages for its detention.

¶13  To that effect, the legislature has enacted two statutes of repose——one regarding recovering possession of the property and one with respect to damages.  See Wis. Stat. § 893.35 ("action to recover personal property"); Wis. Stat. § 893.51(1) ("action to recover damages").   Mueller and Ford's complaint seeks both possession of the vehicle and damages for its wrongful detention, therefore we examine both §§ 893.35 and 893.51(1).[6]

---

[6] Wisconsin Stat. § 893.35 provides:

An action to recover personal property shall be commenced within 6 years after the cause of action accrues or be barred.  The cause of action accrues at the time the wrongful taking or conversion occurs, or the wrongful detention begins.  An action for damage for wrongful taking, conversion or detention of personal

7

¶14 Wisconsin Stat. § 893.35 governs when a cause of action for replevin seeking possession of personal property must be brought. It provides: "An action to recover personal property shall be commenced within 6 years after the cause of action accrues or be barred." § 893.35. Wisconsin Stat. § 893.51(1) governs an associated claim for damages: "an action to recover damages for the wrongful taking, conversion or detention of personal property shall be commenced within 6 years after the cause of action accrues or be barred." § 893.51(1). Both statutes continue: "The cause of action accrues at the time the wrongful taking or conversion occurs, or the wrongful detention begins." §§ 893.35, 893.51(1).

¶15 Thus, the two provisions impose a six-year limit starting from when (a) "the wrongful taking . . . occurs," (b) the "conversion occurs," or (c) "the wrongful detention begins." Wis. Stat. §§ 893.35, 893.51(1). It is plain from the text that each of these are different causes of action, and therefore each could have different dates from which the six-year clock starts to run. Notice also that the plain language links the onset of the six-

property shall be commenced within the time limited by [Wis. Stat. §] 893.51.

And Wis. Stat. § 893.51(1) provides:

Except as provided in sub. (2), an action to recover damages for the wrongful taking, conversion or detention of personal property shall be commenced within 6 years after the cause of action accrues or be barred. The cause of action accrues at the time the wrongful taking or conversion occurs, or the wrongful detention begins.

year period to when the taking, conversion, or detention occurred; the claims are not tied to the property itself.

¶16 Wisconsin Stat. §§ 893.35 and 893.51(1) are properly described as statutes of repose, not statutes of limitation. A statute of repose "provides that a cause of action must be commenced within a specified amount of time after the defendant's action which allegedly led to injury, regardless of whether the plaintiff has discovered the injury or wrongdoing." Tomczak v. Bailey, 218 Wis. 2d 245, 252, 578 N.W.2d 166 (1998). Though similar, a statute of limitation focuses on the timeliness of an injured party's claim rather than the underlying act or omission. See Aicher ex rel. LaBarge v. Wis. Patients Comp. Fund, 2000 WI 98, ¶26, 237 Wis. 2d 99, 613 N.W.2d 849. Indeed, we previously called § 893.51(1) a statute of repose in Tomczak, and § 893.35 contains the same language. Tomczak, 218 Wis. 2d at 259-60. With regard to a wrongful detention claim, the statutes focus on when the wrongful detention begins, not when the property owner discovers or knows of the detention. This classification matters both because it is textually evident and because we explicitly disavowed application of the discovery rule to statutes of repose in Tomczak. Compare id. at 260, with Hansen v. A.H. Robins, Inc., 113 Wis. 2d 550, 560, 335 N.W.2d 578 (1983) (adopting a discovery rule for statutes of limitation not already governed by a statutory discovery rule under which tort claims are deemed to "accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first").

9

B.   Replevin and Wrongful Detention

¶17 Everyone agrees that, based on the complaint, the vehicle was converted in 2001.  The statutes of repose measure six years from when a conversion occurs, and thus, the opportunity to bring an action for possession and damages based on a conversion claim has long since passed.  The question here, then, is whether an action based on wrongful detention is separately available, and if so, when that cause of action accrued.

¶18 TL asserts the only tort it can be liable for is conversion.  The thrust of its argument is that once property is converted, the only claim that can be made regarding that property is conversion.  Further, citing Tomczak, TL posits that any interpretation allowing the repose clock to restart following a transfer of originally converted property to another would effectively impose the very discovery rule this court barred from use in statutes of repose.  Consistent with this theory, TL contends that a wrongful detention claim is available only when an initially lawful possession becomes unlawful by exceeding the owner's original authorization.  Playing out the logic, TL states it could not possibly be wrongfully detaining the vehicle because it never obtained Mueller and Ford's permission to possess the vehicle in the first place.  Mueller offers a different view.  He maintains that wrongful detention occurs when a defendant detains property which the plaintiff is entitled to possess, and that demand and refusal are not always necessary to trigger such a claim.

10

¶19 Distilling all of this, the dispositive dispute between the parties hinges on the nature of a wrongful detention claim under the statutes of repose. The statutes themselves do not define the relevant terms. However, the statutory terms "conversion" and "wrongful detention" are technical phrases with specific and distinct meaning in our common law, and we therefore give them their accepted legal meaning. Wis. Stat. § 990.01(1) ("[T]echnical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning."); State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 ("Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."); see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 320 (2012) ("The age-old principle is that words undefined in a statute are to be interpreted and applied according to their common-law meanings."). While the parties spend considerable time citing treatises and delving into the common-law origins of a claim for wrongful detention, we believe the meaning of these statutory terms are best explained, and indeed controlled by, Wisconsin cases, not those of other jurisdictions or scholarly collections of foreign decisions.

¶20 Personal property is wrongfully detained when the defendant "detains property when by law the plaintiff is entitled to have it returned to him . . . ." Capitol Sand & Gravel Co. v. Waffenschmidt, 71 Wis. 2d 227, 232, 237 N.W.2d 745 (1976). While

11

a wrongful detention claim may arise when an initially lawful possession becomes unlawful by exceeding the owner's authorization[7]——the narrow definition TL embraces——our cases demonstrate that this is not the only factual scenario that gives rise to such a claim.

¶21 Eldred clearly demonstrates why TL's argument must fail, and why the reasoning underlying the court of appeals' otherwise correct decision must be modified. 33 Wis. 133. In Eldred, someone removed logs from the eventual plaintiff's land and sold the logs to a good faith purchaser. Id. at 139. The original log owner filed a replevin action against the log purchaser for "unlawful detention"[8] of the logs. Id. at 139-40. This court was asked to address whether "a demand is necessary before an action to recover the logs can be maintained against the defendant." Id. We concluded the original log owner (i.e., the plaintiff) could maintain an "unlawful detention" claim because the defendant—— though a good faith purchaser——possessed something that was not his. Id. at 141. No demand was necessary to trigger the claim. Id. ("[B]y proving a state of facts which renders a demand

---

[7] See, e.g., Durham v. Pekrul, 104 Wis. 2d 339, 311 N.W.2d 615 (1981).

[8] Our cases use the terms "unlawful detention" and "wrongful detention" interchangeably. See, e.g., Korb v. Schroedel, 93 Wis. 2d 207, 211, 214, 286 N.W.2d 589 (1980) (characterizing a circuit court's finding of "unlawful detention" as "wrongful detention"); Capitol Sand & Gravel Co. v. Waffenschmidt, 71 Wis. 2d 227, 231, 237 N.W.2d 745 (1976) (noting the jury was asked if "there had been wrongful or unlawful detention"); Ronge v. Dawson, 9 Wis. 222 (*246) (1859) (using "wrongful detention" and "unlawful detention").

12

unnecessary, he proves the <u>gravamen</u> of his action, to wit, the unlawful detention of the logs.").

¶22 Neither party asks us to overrule or modify <u>Eldred</u>, and applying it here defeats TL's repose argument. The import of <u>Eldred</u> is this: (1) a wrongful detention claim is separate from a conversion claim; (2) a wrongful detention claim may arise against a possessor of previously converted or wrongfully taken property;[9] and (3) in situations with analogous facts, a wrongful detention claim is available and accrues at the time the property is obtained——no demand is necessary.[10] This is Wisconsin's common law heritage, and is therefore appropriately incorporated into our interpretation of "wrongful detention" in Wis. Stat. §§ 893.35 and 893.51(1).

¶23 Applying these principles, we hold that a "wrongful detention" in Wis. Stat. §§ 893.35 and 893.51(1) may arise against a possessor of previously converted property as in <u>Eldred</u>.

---

[9] Our cases also stand for the proposition that a third-party purchaser may be liable for conversion if the purchaser knows the property has been stolen. <u>See</u> <u>Smith v. Briggs</u>, 64 Wis. 497, 499, 25 N.W. 558 (1885). Remembering that it is the allegations in the complaint that establish the operative facts on a motion to dismiss, Mueller and Ford have not alleged TL knew that the property was stolen, rendering the holding of <u>Smith</u> inapplicable here. Moreover, nothing in <u>Smith</u> stands for the proposition that a wrongful detention claim is precluded; it simply establishes that a claim for conversion is an available option under its facts.

[10] In other factual scenarios not relevant here, demand may trigger the accrual of a wrongful detention claim. <u>See</u> <u>Capitol Sand</u>, 71 Wis. 2d at 231-32 (noting a demand may trigger a wrongful detention claim where the initially lawful possession becomes unlawful by exceeding the owner's authorization).

13

Therefore, Mueller and Ford may maintain a cause of action for replevin based on a claim of wrongful detention against TL.

¶24 The court of appeals agreed, but concluded the wrongful detention began when TL denied Mueller and Ford's demand for return of the vehicle. Mueller, 383 Wis. 2d 740, ¶29. The court of appeals' conclusion is incorrect for at least two reasons. First, we agree with TL that this determination in effect imposes a sort of discovery rule on Wis. Stat. §§ 893.35 and 893.51(1), standing at direct odds with this court's explicit prohibition against doing just that. Tomczak, 218 Wis. 2d at 260. Allowing the cause of action to accrue at the time of demand could open the door to manipulation by a plaintiff who may choose when to make a demand based on a potential deadline, providing less certainty to property owners. Second, and more to the point, under Eldred, neither a demand nor its refusal is necessarily required to initiate a replevin action based on wrongful detention. 33 Wis. at 141. Rather, the wrongful detention claim under the facts alleged here accrued at the time TL obtained possession of the vehicle.

¶25 Applying Eldred and the plain language of Wis. Stat. §§ 893.35 and 893.51(1) to the facts of this case, Mueller and Ford may maintain a cause of action for replevin based on TL's alleged wrongful detention of the vehicle. TL's wrongful detention began at the time it acquired the vehicle in 2015, not when Mueller and Ford issued a demand for its return. For these reasons, Mueller and Ford's replevin action was brought within the six-year repose period provided by §§ 893.35 and 893.51(1), and the order dismissing the complaint on these grounds must be reversed.

III. CONCLUSION

¶26 We agree with the court of appeals that Mueller and Ford's complaint is not barred by the six-year statutes of repose, but modify its reasoning because TL's wrongful detention began when TL obtained the vehicle——not when Mueller and Ford demanded its return. On this basis, we affirm the decision of the court of appeals reversing the circuit court's dismissal of the complaint.

*By the Court.*—The decision of the court of appeals is modified, and affirmed as modified, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶27 REBECCA FRANK DALLET, J., did not participate.

1