In the INTEREST OF ANTHONY D.,
a person under the age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

ANTHONY D., Respondent-Appellant.

Court of Appeals

*No. 2005AP2644. Submitted on briefs August 8, 2006.
—Decided September 27, 2006.*

2006 WI App 218

(Also reported in 723 N.W.2d 775.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Timothy Westphal*, assistant district attorney of Waukesha.

Before Brown, Nettesheim, and Anderson, JJ.

¶ 1. BROWN, J.[1] Anthony D., a juvenile, appeals an order setting his delinquency restitution at $8727. Anthony contends that this amount exceeded his ability to pay as found by the circuit court and that the order is therefore contrary to statute. We agree and reverse.

¶ 2. Anthony was found delinquent of negligent handling of burning materials after he damaged his high school's bathroom. At his restitution hearing, the court found that the damages to the bathroom were $8727. The court also found that Anthony was capable of working and could reasonably pay $100 per month in restitution. The court then made the following statement:

> So, I will do the following. I want to be clear here. Restitution due and owing is $8,727. The amount that the juvenile is capable of paying during the one-year term of supervision is $100 a month. That total is $1,200, 12 times 100, obviously. The remaining amount will be converted to a civil judgment against—which

---

[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to Wis. Stat. § 809.41(3) (2003–04). All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

> can be—the result can be a lien against him and his
> parents as well. So, that's what's going to happen here.

The court later corrected itself, lowering the $1200 figure to $900 since Anthony's supervision would last only nine months, until his eighteenth birthday.

¶ 3. The court's written order reads: "Court sets restitution at $8,727. Anthony to pay $100/mo. during the 9–month supervision. The remaining balance to be converted to a civil judgment."

¶ 4. After Anthony's supervision expired, on the school district's motion, the court granted a civil judgment against Anthony and his parents for unpaid restitution under WIS. STAT. § 895.035(2m)(a). The balance remaining at that time was $8,197.79. Anthony moved the court to modify the restitution order and to stay the civil judgment pending appeal. The court refused to modify the restitution order, but stayed the civil judgment. Anthony appeals the restitution order and the denial of his modification motion.

¶ 5. This case requires us to interpret statutes and apply them to undisputed facts. It therefore involves a question of law which we review de novo. *Schauer v. Baker*, 2004 WI App 41, ¶ 10, 270 Wis. 2d 714, 678 N.W.2d 258. When we interpret a statute, we begin by examining its language to see whether it has a plain and unambiguous meaning. If it does, we end our inquiry and apply that plain meaning to the facts before us. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶¶ 45–46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶ 6. In juvenile delinquency cases, as in criminal cases, the statutes allow a court to order the juvenile to make restitution to the victim of the delinquent act. WIS. STAT. § 938.34(5)(a). The statute requires that any

774

such order "shall include a finding that the juvenile alone is financially able to pay [and] may allow up to the date of the expiration of the order for the payment . . . ." *Id.* If the juvenile fails to pay the full amount of restitution during the supervision period, the victim may petition the court to convert the unpaid balance to a civil judgment against the juvenile. WIS. STAT. § 895.035(2m)(a).

¶ 7. Anthony argues that WIS. STAT. § 938.34(5)(a), by its plain meaning, prohibits the court from ordering restitution in an amount higher than what the juvenile alone can pay. We agree that the language of § 938.34(5)(a) is quite clear and admits of no other reading.[2] Since the circuit court here ordered restitution of $8727 after finding that Anthony could pay $900, Anthony argues that we must reverse.

[2] We note that the language of the juvenile restitution statute differs from that of the criminal restitution statute, WIS. STAT. § 973.20. The criminal statute does not require the court to make a finding that the defendant can pay the restitution amount, though it does direct the court to avoid creating an "undue hardship" for the defendant, § 973.20(1r), and to consider the defendant's financial resources and the earning capacities of both the defendant and the defendant's dependents, § 973.20(13)(a). This court has in one case interpreted the latter provision to mean that a court may not order restitution in a *criminal* case that exceeds a defendant's ability to pay within the term of the sentence. *State v. Loutsch,* 2003 WI App 16, ¶ 25, 259 Wis. 2d 901, 656 N.W.2d 781. We are unsure, however, whether this remains the law in view of *Huml v. Vlazny,* 2006 WI 87, 293 Wis. 2d 169, 716 N.W.2d 807. Though *Huml* did not squarely address the question, our supreme court did pass over without comment a total restitution figure that wildly exceeded the total amount of payments the defendant was ordered to make. *Id.,* ¶ 7 (total restitution set at $140,000; monthly payments of $425 over three years of probation would total

¶ 8. The State concedes that a restitution amount of $8727, coupled with a determination that Anthony can pay $900, would violate the plain meaning of the statute. It further allows that, if the $8727 figure is not restitution, it cannot be converted to a civil judgment. This is because WIS. STAT. § 895.035(2m)(a), the conversion statute, explicitly refers to "the amount of restitution unpaid" under WIS. STAT. § 938.34(5) as the figure to be converted.

¶ 9. The State nevertheless urges us to affirm the order. The State's position appears to be that there was no error in the restitution order since it set restitution at Anthony's ability to pay ($900) and merely named $8727 as the total damage to the school. The State allows that the court twice described the $8727 as "restitution," but argues that the rest of the record demonstrates that this was either a slip of the tongue (and pen) or a harmless error of law. The State claims that the circuit court correctly ordered $900 as restitution after determining that Anthony could reasonably pay only that amount of the $8727 damage figure.

¶ 10. We agree with the State that a circuit court is required to determine total damages to the victim. The statute directs the court to order the juvenile to "make reasonable restitution for the damage." WIS. STAT. § 938.34(5)(a). Clearly, the court cannot do this without determining what the amount of damage is. Also, the statute guarantees a hearing where the juvenile may challenge the amount of damages claimed by the victim. *Id.* The statute thus supports the logical

---

$15,300). The *Huml* court also stated that the primary purpose of restitution is to compensate victims and make them whole. *Id.,* ¶ 20.

conclusion: assessing the damages to the victim is the first step in the court's determination of restitution and determining the amount the juvenile is capable of paying is the second. Whichever amount is lower is the maximum amount that the court may order as restitution.

¶ 11. We also agree with the State that $8727 is the amount of damage the circuit court found. The documents presented by the school showed that the repair cost was slightly greater than this amount but the court decided that Anthony would not be required to pay for the overhead and profits of the contractor who performed the work.

¶ 12. However, by the plain meaning of WIS. STAT. § 895.035(2m)(a), the courts are without authority to order that this "total damage" figure be converted to a civil judgment. As we have noted, § 895.035(2m)(a) allows only for the conversion of *restitution*. Restitution cannot be set higher than the juvenile can pay. WIS. STAT. § 938.34(5)(a). Given the circuit court's holding that Anthony could pay only $900, it could not set a higher amount of restitution; nor could it later use some other figure to arrive at a civil judgment. We therefore reverse and remand to the circuit court so that it may amend the restitution order to allow only the remainder of the $900 to become a civil judgment.[3] The civil judgment must also be amended to reflect the lower total. We wish to stress that nothing in our

---

[3] The State argues that reversal is not necessary because the circuit court's error was harmless under WIS. STAT. § 805.18(2) (reversal not allowed for procedural errors unless "the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment"). Even if we accept that the error here was procedural rather than

decision precludes the school district from filing a separate civil suit seeking compensation for the damage to its property. We only hold that the school could not make use of the conversion statute "shortcut" to obtain compensation greater than what the court found Anthony could pay.

*By the Court.*—Orders reversed and cause remanded with directions.

substantive, it resulted in a civil judgment of more than $8000; we cannot agree that Anthony's substantial rights were unaffected.