**2024 WI App 11**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:          2021AP1437

Complete Title of Case:

IN THE INTEREST OF M.L.J.N.L.,
A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

  PETITIONER-RESPONDENT,

   V.

M.L.J.N.L.,

  RESPONDENT-APPELLANT.

Opinion Filed:       February 28, 2024
Submitted on Briefs:  January 18, 2024

JUDGES:          Kloppenburg, P.J., Graham, and Taylor, JJ.

Appellant
ATTORNEYS:       On behalf of the petitioner-appellant, the cause was submitted on the brief of *Megan Sanders-Drazen* of *Wisconsin Defense Initiative*, Madison.

Respondent
ATTORNEYS:       On behalf of the respondent-respondent, the cause was submitted on the brief of *Kara L. Janson*, assistant attorney general, and *Joshua L. Kaul*, attorney general.

**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 28, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1437**

STATE OF WISCONSIN

Cir. Ct. No. **2021JV82**

IN COURT OF APPEALS

IN THE INTEREST OF M.L.J.N.L.,
A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

M.L.J.N.L.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: BRIAN A. PFITZINGER, Judge. *Reversed.*

Before Kloppenburg, P.J., Graham, and Taylor, JJ.

¶1 GRAHAM, J. "M"[1] was adjudicated delinquent in March 2020 after pleading no contest to one count of burglary. WISCONSIN STAT. § 938.34(5)(a) (2021-22) provides that, in a delinquency case, a circuit court is limited to ordering monetary restitution in an amount that the "the juvenile alone is financially able to pay."[2] Here, however, consistent with an argument advanced by the State during the circuit court proceedings, the court determined that the recent amendment to the state constitution, commonly referred to as Marsy's Law, renders this statutory limitation unconstitutional. *See* WIS. CONST. art. I, § 9m(2)(m) (2021-22).[3] On that basis, the court ordered M to pay restitution in an amount that undisputedly exceeds what he is able to pay.

¶2 On appeal, M argues that the limitation in WIS. STAT. § 938.34(5)(a) is consistent with Marsy's Law, and is therefore constitutional. The State, now represented by attorneys at the state department of justice, concedes that the circuit court's contrary interpretation of Marsy's Law is erroneous. We agree with the parties that the only reasonable interpretation of WIS. CONST. art. I, § 9m(2)(m) is that victims have the right to recoup the total amount of money that a circuit court orders as restitution, consistent with the statutes that define and govern the restitution that a court may order. The limitation in § 938.34(5)(a) is therefore consistent with Marsy's Law, and constitutional. We reverse the restitution order.

---

[1] For ease of reading, we refer to the appellant by his first initial.

[2] All references to the Wisconsin Statutes are to the 2021-22 version.

[3] All references to the Wisconsin Constitution are to the 2021-22 version unless otherwise noted.

**BACKGROUND**

¶3      One evening in 2019 when M was 14 years old, he and two other children (the "co-respondents") broke into buildings and engaged in other unlawful conduct that resulted in significant property damage.  The State filed a delinquency petition against M and his co-respondents, alleging 11 counts as party to a crime.  M ultimately entered a no-contest plea to one count of burglary, with other charges dismissed and read in for purposes of disposition.

¶4      During the dispositional hearing, the prosecutor stated that the parties were "stipulating to the restitution amount" of $26,788.18, which represented the total amount of damage claimed by the victims.  The prosecutor then asked the circuit court to schedule a hearing to determine M's "ability to pay."  The prosecutor asked for this hearing based on WIS. STAT. § 938.34(5)(a), which requires that, when a court orders a juvenile to pay "reasonable restitution" for property damage, "[t]he order shall include a finding that the juvenile alone is financially able to pay …" and "may allow up to the date of the expiration of the [delinquency] order for the payment …."

¶5      The circuit court[4] found M delinquent and placed him under the supervision of Rawhide Youth Services until his eighteenth birthday.  Its dispositional order, entered March 2020, listed the amount of restitution as "TBD."

¶6      Shortly thereafter, Wisconsin voters ratified Marsy's Law, which grants a number of constitutional rights to crime victims.  Like all constitutional amendments in Wisconsin, the language of Marsy's Law was debated and passed

---

[4] The case originated in Dodge County and the restitution order that is the subject of this appeal was issued by Dodge County Circuit Court Judge Brian A. Pfitzinger.  After M moved to Dane County, jurisdiction of the case was transferred to Dane County.

by two successive legislatures before it was put on the ballot for ratification. *See* WIS. CONST. art. XII, § 1. Prior to Marsy's Law, the state constitution required the state to "ensure that crime victims have … privileges and protections as provided by law," including "restitution." WIS. CONST. art. I, § 9m (2017-18). Following its ratification, the state constitution now provides that crime victims have the right to "full restitution from any person who has been ordered to pay restitution to the victim and to be provided with assistance collecting restitution." WIS. CONST. art. I, § 9m(2)(m). The circuit court ordered briefing to address whether the ratification of Marsy's Law affected the constitutionality of the statutory limitation on juvenile restitution found in WIS. STAT. § 938.34(5)(a).[5]

¶7      In the brief that it submitted to the circuit court, the State argued that Marsy's Law effectively repeals the "able-to-pay limitation" on juvenile restitution. According to the State, "the legislature meant what it said when it added the word 'full'" to the constitutional right to restitution. The State further argued that, because the constitution now specifies that crime victims are entitled to "full restitution," victims have a constitutional right to be "made whole," and "statutes limiting restitution based on a defendant's ability to pay" are unconstitutional.[6]

¶8      By contrast, M argued that Marsy's Law was "never intended to overrule the restitution rules" in the juvenile justice code, WIS. STAT. ch. 938, and was never intended "to require juveniles to pay restitution beyond what they are

---

[5] In a letter dated September 29, 2020, the prosecutor notified the state legislature and the state department of justice that a challenge to the constitutionality of WIS. STAT. § 938.34(5)(a) had been raised in this case. *See* WIS. STAT. § 893.825(1), (2) (requiring such notice).

[6] Although the prosecutor did not specify whether he was challenging the statute's constitutionality on a facial or as-applied basis, his argument was not tied to any circumstances that are particular to M, and therefore appears to have been a facial challenge. "A party challenging a law as unconstitutional on its face must show that the law cannot be constitutionally enforced under any circumstances." *State v. Roundtree*, 2021 WI 1, ¶17, 395 Wis. 2d 94, 952 N.W.2d 765.

able to pay during the limited period of their dispositional order." Like the State, M also focused his argument on the language of the constitutional amendment, specifically noting that the right to "full restitution" is tied to a court order for restitution. He explained that statutes specify the amounts that Wisconsin courts may order as restitution, and he argued that there is no conflict between WIS. STAT. § 938.34(5)(a) and Marsy's Law because Marsy's Law "creates the right to full recovery of all the restitution that the court has ordered" pursuant to statutes including § 938.34(5)(a).

¶9    The circuit court determined that Marsy's Law renders unconstitutional the specific provision in WIS. STAT. § 938.34(5)(a) that requires a court to find that the juvenile alone is financially able to pay the restitution award. In essence, the court read Marsy's Law to grant crime victims the right to receive restitution in a sum that is equal to the total dollar amount of the damages that they incurred as a result of the juvenile's unlawful conduct.[7] Therefore, the court ordered M to pay $26,788.18 in restitution, "joint and several with" his co-respondents, without regard to his ability to pay. M appeals the restitution order.

## DISCUSSION

¶10    The constitutionality of the able-to-pay limitation on juvenile restitution in WIS. STAT. § 938.34(5)(a) presents a question of law that we decide independently of the circuit court. *See* ***State v. Cole***, 2003 WI 112, ¶10, 264 Wis. 2d 520, 665 N.W.2d 328. If a statute conflicts with a constitutional provision, "the

---

[7] On appeal, the parties appear to have interpreted the circuit court's decision to mean that victims are entitled to restitution in the amount the victim claims. However, we do not read the court's decision as interpreting Marsy's Law to abdicate the judicial role, as provided in WIS. STAT. § 938.34(5), to resolve factual disputes over a victim's claimed damages. Here, the reason that the court ordered M to pay restitution in the amounts claimed by the victims is that M stipulated to the victims' damages, and therefore did not request a hearing under § 938.34(5). *See supra*, ¶4.

5

constitutional [provision] prevails over the inconsistent statute," effectively repealing the statute. *Id.*, ¶¶14, 30-31. Yet, statutes are presumed constitutional, *State v. Trochinski*, 2002 WI 56, ¶33, 253 Wis. 2d 38, 644 N.W.2d 891, and the presumption of constitutionality applies even where the statute in question predates a constitutional amendment, *Cole*, 264 Wis. 2d 520, ¶¶12-18.

¶11    On appeal, the State now agrees with M that WIS. STAT. § 938.34(5)(a) is constitutional, and that, if the text of Marsy's Law is read "reasonably and in context," it does not conflict with § 938.34(5)(a). We agree with the parties' now undisputed position, and we issue this decision to provide binding legal authority on this important yet unresolved issue.[8] In the analysis that follows, we briefly summarize the provisions in § 938.34(5)(a) that govern juvenile restitution, and we then consider that statute's constitutionality in light of Marsy's Law.

---

[8] In a memo drafted by the legal advisor with the Wisconsin Supreme Court's Office of Court Operations shortly after Marsy's Law was ratified, *see* Amber Peterson, Mem., "Guidance Related to Marsy's Law – Wisconsin Constitution Art. 1 § 9m," (May 12, 2020), available at https://dcf.wisconsin.gov/files/cwportal/policy/pdf/memos/attachments/ 2020-30i-guidance.pdf, the advisor expressed uncertainty about the meaning of the right to "full restitution," and its impact on statutory restitution limitations. *Id.* at 14. She observed that the right to "full restitution" might mean that "courts must always order the [statutory] maximum"; it might mean that statutory caps on restitution are now unconstitutional and that victims have the right to seek restitution beyond any statutory maximum; or it might simply mean that "victims are entitled to be paid the full amount of what is ordered by the court before this right is satisfied." *Id.* And the advisor concluded that the provision would "continue to be ambiguous until addressed and clarified by the appellate courts, the Crime Victims Rights Board, or potentially future legislative changes." *Id.*

We issue this opinion to resolve this important issue. We appreciate the strong briefing by both parties on appeal, from which we have borrowed heavily in this opinion.

**Juvenile Restitution Statutes**

¶12    WISCONSIN STAT. ch. 938 is the state juvenile justice code, and it identifies several situations in which a circuit court may order a child to "make reasonable restitution" for "damage to the property of another" or "physical injury to another excluding pain and suffering." *See, e.g.*, WIS. STAT. § 938.34(5)(a).[9] As applicable here, if a court orders a juvenile to make restitution in the form of cash payments as part of a delinquency disposition under § 938.34(5)(a), the court must "consider[] it beneficial to the well-being and behavior of the juvenile," and must find that "the juvenile alone is financially able to pay" the amount ordered.[10]

¶13    As this court explained in *State v. Anthony D.*, 2006 WI App 218, ¶10, 296 Wis. 2d 771, 723 N.W.2d 775, the process of determining the amount of juvenile restitution has two steps. "[A]ssessing the damages to the victim is the first step in the court's determination of restitution and determining the amount the juvenile is capable of paying is the second. Whichever amount is lower is the maximum amount that the court may order as restitution." *Id.*

¶14    Thus, as contemplated by WIS. STAT. § 938.34(5)(a) and case law, cash "restitution" refers to the dollar amount that a court orders a child to pay as a part of a delinquency adjudication. Importantly, as the term is used in

---

[9] *See also* WIS. STAT. §§ 938.245(2)(a)5.a. (addressing deferred prosecution agreements); 938.32(1t)(a)1. (addressing consent decrees); 938.343(4) (addressing civil law and ordinance violations).

[10] WISCONSIN STAT. § 938.34(5)(a) also allows a court to order reasonable restitution in the form of the performance of services for the victim, so long as the victim agrees and the court finds that the juvenile alone is physically able to perform the services.

§ 938.34(5)(a), restitution may be in an amount that is less than the total damages that a victim incurred as a result of the child's unlawful conduct.[11]

¶15    We observe that the juvenile justice code is not an outlier in imposing limitations on what a circuit court can order as restitution.  Although the juvenile code may be unique in requiring the court to make a finding about a child's ability to pay, the criminal statutes also impose limitations on restitution in criminal cases. *See* WIS. STAT. § 973.20(5)(a) (limiting restitution to "special damages … which could be recovered in a civil action against the defendant for [the] conduct … considered at sentencing," but excluding "general damages" from being awarded as restitution); § 973.20(13)(a) (requiring the court to consider the defendant's financial resources, present and future earning ability, and the needs and earning ability of the defendant's dependents).

**Constitutionality of WIS. STAT. § 938.34(5)(a) in Light of Marsy's Law**

¶16    As noted, the continued constitutionality of WIS. STAT. § 938.34(5)(a)'s able-to-pay limitation turns on the proper interpretation of the restitution provision in Marsy's Law.

¶17    When interpreting a provision in the state constitution, we "focus on the constitutional text, reading it reasonably, in context, and with a view of the provision's place within the constitutional structure." *Wisconsin Just. Initiative, Inc. v. Wisconsin Elections Comm'n*, 2023 WI 38, ¶21, 407 Wis. 2d 87, 990

---

[11]  There are other statutes that address the steps that victims may take if a juvenile fails to make restitution as ordered. *See* WIS. STAT. §§ 895.035(2m), 938.396(1)(c)7.  Among other things, any unpaid restitution may be converted into a civil judgment "against the juvenile."  *See* § 895.035(2m)(a); *see also* *State v. Anthony D.*, 2006 WI App 218, ¶¶10-12, 296 Wis. 2d 771, 723 N.W.2d 775 (courts are without statutory authority to order that a victim's "'total damage' figure" be converted to a civil judgment because the statute only allows for the conversion of amounts properly ordered as restitution).

N.W.2d 122. "Other sources such as the debates and practices at the time of adoption, along with early legislative enactments, may prove helpful aids to interpretation." *Id.* However, at bottom, the constitution says what it says and does not say what it does not say, and our job "is to faithfully discern and apply the constitution as it is written." *Id.*, ¶28.

¶18 As noted, WIS. CONST. art. I, § 9m(2)(m) provides that victims have a right to "*full restitution* from any person who has been ordered to pay restitution to the victim." (Emphasis added.) The phrase "full restitution" appears to be potentially ambiguous, at least upon first glance and when read in isolation. It could mean the total dollar amount of damages that victims incurred as a result of conduct that is the subject of a dispositional order. Alternatively, it could mean the total dollar amount that a court orders as restitution, consistent with statutes that govern restitution and any statutory limitations on restitution awards. However, as we now explain, we agree with the parties that "full restitution" means the total dollar amount ordered by a circuit court pursuant to the statutes governing restitution, and that, when read that way, the able-to-pay limitation in WIS. STAT. § 938.34(5)(a) does not conflict with the right to "full restitution" provided by Marsy's Law.

¶19 We begin with the word "full," which is undefined, but is not in and of itself ambiguous or difficult to understand. We agree with the circuit court that full means full, and that it should be interpreted consistent with its ordinary meaning, which we can glean from dictionary definitions.[12] *See Stroede v. Society*

---

[12] For example, Merriam-Webster defines "full" as "containing as much or as many as is possible or normal," or "complete especially in detail, number, or duration." *Full*, MERRIAM-WEBSTER DICTIONARY, www.merriam-webster.com/dictionary/full (last visited Jan. 30, 2024). Similarly, the American Heritage Dictionary defines "full" as "[c]ontaining all that is normal or possible," or "[c]omplete in every particular." *Full*, THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, www.ahdictionary.com/word/search.html?q= full (last visited Jan. 30, 2024).

*Ins.*, 2021 WI 43, ¶12, 397 Wis. 2d 17, 959 N.W.2d 305 (dictionary definitions guide our interpretation of the common and ordinary meaning of words). In the context of an order to pay money, we interpret "full" to mean the total dollar amount.

¶20 What matters more than the meaning of "full," however, is the concept that it modifies. Marsy's Law provides a right to "full restitution," but it leaves the term restitution undefined.

¶21 Perhaps if we were to rely on dictionary definitions alone to ascertain the meaning of "restitution," we might agree with the circuit court that "full restitution" means the same thing as "total damages." By way of illustration, Merriam-Webster defines "restitution" as "an act of restoring or a condition of being restored[,] such as … giving an equivalent for some injury." *Restitution*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/restitution (last visited Jan. 30, 2024). Given that definition, "full restitution" could at least arguably mean that victims must be "made whole" through an award of their total damages as restitution.

¶22 Here, however, such definitions are not dispositive because "restitution" is a legal term of art. *See State v. Matasek*, 2014 WI 27, ¶12, 353 Wis. 2d 601, 846 N.W.2d 811 ("words and phrases … that have a particular meaning in the law are ordinarily interpreted" consistent with their legal meaning). Restitution is a creature of statute, there being no right to restitution in juvenile delinquency proceedings (or in criminal proceedings, for that matter) apart from the statutes that authorize it. *See Opinion of the Att'y Gen.* 02−15, ¶2 (Jan. 2, 2015), https://docs.legis.wisconsin.gov/misc/oag/recent/oag_2_15.pdf (interpreting the then-existing constitutional language as meaning that there was a right to restitution "only insofar as the Legislature confer[red] such rights through statute"). And,

although the statutes that govern restitution do not expressly define the term, they do so implicitly by spelling out what a court can and cannot order as restitution. As discussed at length above, under those statutes, "restitution" is not the total dollar amount of a victim's damages, but is instead the amount that a court orders a juvenile or criminal defendant to pay as restitution in compliance with those statutory provisions and limitations.

¶23    "When the legislature uses a legal term of art with a broadly accepted meaning[,] … we generally assume the legislature meant the same thing." *Friends of Frame Park, U.A. v. City of Waukesha*, 2022 WI 57, ¶23, 403 Wis. 2d 1, 976 N.W.2d 263 (citing *Mueller v. TL90108, LLC*, 2020 WI 7, ¶19, 390 Wis. 2d 34, 938 N.W.2d 566); *see also Cole*, 264 Wis. 2d 520, ¶17 (when the legislature proposes a constitutional amendment, it is "presumed to act with full knowledge of existing laws" (citation omitted)). Applying that principle here, we conclude that, by using the term "restitution" in Marsy's Law, the legislature intended for it to mean the same thing that it means under the Wisconsin statutes.

¶24    The context in which the phrase "full restitution" is used buttresses this interpretation. *Cf. Matasek*, 353 Wis. 2d 601, ¶18 (in the context of statutory interpretation, "every word appearing in a statute should contribute to [its] construction." (citation omitted)). More specifically, Marsy's Law provides that victims have the right to "full restitution from any person who *has been ordered* to pay restitution to the victim." WIS. CONST. art. I, § 9m(2)(m) (emphasis added). Thus, the restitution provision is tethered to court-ordered restitution, and court-ordered restitution is, in turn, governed by the statutes we have discussed above. This further supports interpreting "full restitution" to mean the full amount of restitution that a court orders in compliance with Wisconsin statutes.

11

¶25    Had the legislature intended to guarantee victims a right to receive restitution in an amount equivalent to their total damages, thereby prohibiting courts from considering factors such as ability to pay when making a restitution order, the legislature could easily have done so.  It could have, for example, expressly guaranteed victims a right to "total damages," or to "full compensation for all losses."  Alternatively, it could have explicitly prohibited the existing statutory limitations on court-ordered restitution.  At the time the legislature debated and then passed Marsy's Law, sending it on to be ratified by the voters, the legislature understood that there were statutory limitations on restitution, including the limitation based on a juvenile's ability to pay, and that restitution was not the same as a victim's total damages.  *See Cole*, 264 Wis. 2d 520, ¶17 (the legislature is "presumed to act with full knowledge of existing laws" (citation omitted)).  If the legislature meant to eliminate some or perhaps all of the statutory limitations on restitution,[13] it is unlikely that it would have attempted to accomplish that result in so circumspect a manner by providing a right to "full restitution from any person who has been ordered to pay restitution to the victim."

¶26    Finally, our interpretation is consistent with the evident purpose of Marsy's Law, which is to strengthen victim's rights, and by no means renders the constitutional rights that have been added surplusage.  Prior to ratification, victims had a constitutional right to "restitution" "as provided by law."  WIS. CONST. art. I, § 9m (2017-18).  Following ratification, victims now have a constitutional right to

---

[13]  As the parties observe, if we were to interpret Marsy's Law as rendering the ability-to-pay limitation in WIS. STAT. § 938.34(5)(a) unconstitutional, our opinion would raise additional questions about which, if any, other statutory provisions are also unconstitutional.  Such questions would include whether victims can now recover restitution for general damages such as pain and suffering contrary to § 938.34(5) and WIS. STAT. § 973.20(5)(a), whether other statutory caps on restitution are effectively repealed, *see, e.g.*, §§ 938.34(5)(c), 973.20(4m), and whether criminal courts are divested of discretion to decline to order restitution if there is "substantial reason not to do so," *see* § 973.20(1r).

12

recover the full amount a court orders as restitution, a heretofore unrecognized right to "be provided with assistance collecting restitution," WIS. CONST. art. I, § 9m(2)(m), and a guarantee that those rights are to be "protected by law in a manner no less vigorous than the protections afforded to the accused," WIS. CONST. art. I, § 9m(2). The fact that the legislature could have drafted Marsy's Law to provide even more rights to victims does not alter our interpretation of the language that the legislature chose to use. *Wisconsin Just. Initiative, Inc.*, 407 Wis. 2d 87, ¶28 (A court's role is "to faithfully discern and apply the constitution as it is written. What the constitution says, it says. What it does not say, it does not say.").

¶27     We conclude that the only reasonable reading of WIS. CONST. art. I, § 9m(2)(m) is that victims have the right to recoup the total amount of money that a circuit court orders as restitution, consistent with the statutes that define and govern the restitution that a court may order. The limitation in WIS. STAT. § 938.34(5)(a) is therefore consistent with Marsy's Law, and constitutional.

¶28     We therefore reverse the restitution order, which undisputedly violates WIS. STAT. § 938.34(5)(a).

*By the Court.*—Order reversed.

13